UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES EVANS,

          Petitioner,

       -v-                          07-CV-6053(MAT)
                                          **ORDER**
MICHAEL GIAMBRUNO,

          Respondent.

## I.   Introduction

Petitioner, James Evans ("petitioner"), represented by counsel, challenges his conviction in Ontario County Court of Criminal Possession of a Controlled Substance in the Third, Fourth, and Fifth Degrees (N.Y. Penal Law §§ 220.16(1), 220.09(1), 220.06(1)); Criminally Using Drug Paraphernalia in the Second Degree, (Penal L. § 220.50(3)); Unlawful Possession of Marijuana (Penal L. § 221.05); and Harassment in the Second Degree (Penal L. § 240.26(1)). Petitioner was convicted after a jury trial before Judge James Harvey, and was subsequently sentenced as a second felony offender to an aggregate sentence of eight to sixteen years in prison. Sentencing Tr. 7-8.

## II.  Factual Background and Procedural History

### A.   Arrest and Trial

Sometime after 11:00 p.m. on April 29, 2003, Ontario County Sheriff's Deputies were dispatched to 1915 Bennett Road in the Town of East Bloomfield after a woman dialed 911, called for help, and

then hung up. T. 150-51, 180.[1] Shortly after the deputies arrived, petitioner pulled into the driveway of the residence, and told the police he was looking for his girlfriend, Amy. T. 152-53, 180. He explained that he and Amy had an argument earlier in the evening, and that she ran from his vehicle. T. 153-54. Petitioner led police to another vehicle that was parked at the house, to see if Amy had left her purse there. T. 155, 160. When petitioner opened the door and the dome light illuminated, Deputy Cathleen Habberfield ("Habberfield") observed a plastic bag of cocaine on the dashboard. T. 155. Habberfield searched the truck and recovered more cocaine, marijuana, and marijuana pipes. T. 158, 165. At that time, Deputy Christopher Drake ("Drake") handcuffed petitioner and read him his <u>Miranda</u> rights. T. 163, 184. Shortly afterward, Amy called petitioner's cell phone. Drake spoke to the woman, and asked her to come to the house. Amy was uncooperative and refused. T. 187, 201. Thereafter, the officers heard movement and a dog barking inside the house, and petitioner told the deputies that Amy could be inside. The deputies then entered petitioner's house using his keys. T. 165-66, 175, 188. Although they did not find Amy, Drake found a triple-beam scale with cocaine on it. The deputies then stopped searching and secured the house until a search warrant could be obtained. T. 188-90.

---

[1] Citations to "T.__" refer to the trial transcript; citations to "H.__" refer to the transcript of the pre-trial suppression hearing.

Approximately two hours later, as Investigator Brad Falke arrived to begin writing the request for a search warrant, Amy returned to the house on Bennett Road. It appeared as though she had been in a fight, and had a black eye. T. 166, 190. Amy refused to answer questions about her injuries, or the drugs found in the house and in the vehicles. T. 234-35.

After obtaining the search warrant, deputies recovered beakers, a mason jar containing marijuana, small plastic re-sealable bags, a large bundle of cash, plastic bags containing mushrooms, and two books about growing and selling drugs in addition to the cocaine, the scale, the marijuana, and the marijuana paraphernalia. T. 235, 237-38, 242, 246-49, 250-53, 256-58, 263.

Petitioner was arrested and charged in Ontario County Court. Petitioner filed a motion to suppress his statements, as well as the evidence seized pursuant to the search warrant issued for his house and vehicle. Judge Harvey held a hearing on that motion, and issued a Decision and Order on December 31, 2003, denying the motion to suppress. A jury trial was then held over two days. Petitioner presented defense witnesses and also testified on his own behalf at trial, conceding that he possessed the drugs, but that they were for personal use and, due to the minimal amount of drugs actually seized, he could not be guilty of the more serious

crime of selling drugs. The jury ultimately convicted petitioner of all counts in the indictment. T. 442-43.

## B.  Direct Appeal

Through counsel, petitioner filed a brief in the Appellate Division, Fourth Department, arguing that: (1) the trial court erroneously denied petitioner's suppression motion; (2) judicial bias in the suppression hearing; (3) the court improperly admitted evidence of uncharged crimes; (4) prosecutorial misconduct; (5) harsh and excessive sentence; and (6) the verdict was against the weight of the evidence. See Respondent's Exhibit ("Ex.") A. (Dkt. #13). The Appellate Division unanimously affirmed petitioner's conviction. People v. Evans, 21 A.D.3d 1317 (4th Dept. 2005); lv. denied, 6 N.Y. 3d 775 (2006).

## C.  Post-Conviction Relief

Petitioner then filed a motion in Ontario County court to set aside the judgment of conviction and to reduce the sentence pursuant to New York Crim. Proc. Law ("C.P.L.") § 440.10/440.20, arguing that: (1) the evidence seized from the search of petitioner's vehicles and house should have been suppressed; and (2) the trial judge was biased against the petitioner during plea negotiations and in sentencing. Ex. H. The Supreme Court denied petitioner's motion on procedural grounds. See Decision and Order, No. 03-04-090, dated 1/12/2007; Ex. I. Leave was denied by the Appellate Division, Fourth Department on July 21, 2008. Ex. K.

Petitioner then submitted a second § 440.10/440.20 motion to set aside the judgment of conviction and to reduce his sentence on the grounds that: (1) trial counsel was ineffective for failing to object to the judge's alleged bias during plea negotiations; and (2) petitioner was denied due process because of judicial bias throughout the pre-trial and trial proceedings. Ex. L. Pursuant to C.P.L. § 440.10(3)(c), the state court summarily denied the motion. See Decision and Order, No. 03-04-090, dated 3/1/2007; Ex. N. Leave to appeal that denial was denied on June 19, 2007. Ex. P.

Finally, petitioner submitted an application for writ of *error coram nobis* to the Appellate Division, Fourth Department. Ex. Q. That application was also denied. People v. Evans, 38 A.D.3d 1369 (4th Dept.); lv. denied, 9 N.Y.3d 864 (2007).

### D.  Petition for Habeas Corpus

Through counsel, petitioner filed a timely petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. Therein, petitioner raised the following grounds for relief: (1) the trial court erroneously denied petitioner's suppression motion; (2) the sentence imposed was excessive, disproportionate, and vindictive; (3) judicial bias; (4) ineffective assistance of counsel; (5) improper admission of uncharged crimes at trial; (6) insufficient evidence of petitioner's intent to sell drugs; and (7) prosecutorial misconduct during summation. Petition ("Pet.") 1-34, Petitioner's ("Pet'r") Mem. 35-75. (Dkt. #1).  For the reasons

that follow, the petition for habeas corpus is denied at the action is dismissed.

## III. Discussion

### A. General Principles Applicable to Federal Habeas Review

#### 1. Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

#### 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been

'fairly presented' to the state courts." <u>Daye v. Attorney General,</u> 696 F.2d 186, 191 (2d Cir. 1982) (en banc), <u>cert. denied</u>, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." <u>Grey</u>, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87-91 (1977).

### 3. The Adequate and Independent State Grounds Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" <u>Dunham v. Travis</u>, 313 F.3d 724, 729 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). "A

habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to *bar consideration* on federal habeas of federal claims that have been defaulted under state law,'" id. (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be [,]'" id. (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

**B.    The Habeas Petition**

**1.    Unexhausted Claims (Grounds Five and Six)**

Petitioner's claims that the trial court erroneously allowed the prosecutor to question petitioner about photographs showing him using drugs (Ground Five), and that the evidence of petitioner's

intent to sell drugs was insufficient (Ground Six), are unexhausted. <u>See</u> Pet. at 16-19, 23-24, 26-27. Although he raised those claims on direct appeal, petitioner failed to present the claims in federal, constitutional terms. <u>See</u> Ex. A. Rather, those arguments relied purely on state law grounds[2], and as such are unexhausted. <u>See</u> <u>Jones v. Vacco</u>, 126 F.3d 408, 413-14 (2d Cir. 1997) (citing <u>Daye</u>, 696 F.2d at 191-92). Petitioner cannot again seek leave to appeal these claims in the Court of Appeals because he has already made one request for leave to appeal to which he is entitled. <u>See</u> N.Y. Court Rules § 500.20(a). Moreover, collateral review of this is also barred because it could have been raised on direct appeal but was not. <u>See</u> C.P.L. § 440.10(2)(c) (barring review if claim could have been raised on direct appeal). Because there is no available state forum in which petitioner may now raise these claims, they are deemed exhausted and procedurally defaulted. <u>See</u> <u>Grey v. Hoke</u>, 933 F.2d at 120-21.

Federal habeas review is only possible if petitioner "can show cause for the default and prejudice attributable thereto," or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." <u>Murray v. Carrier</u>, 477 U.S. 478, 485, 495 (1986) (internal quotations omitted) (citation omitted); <u>accord, e.g.</u>, <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d

_____

[2] Petitioner argued that the verdict was against the weight of the evidence, <u>see</u> C.P.L. § 470.15(5), and that the court made an evidentiary error in admitting evidence of uncharged crimes without a hearing under <u>People v. Sandoval</u>, 34 N.Y.2d 371 (1974). <u>See</u> Ex. A at 8-10, 13.

Cir. 1990). Petitioner has not alleged cause or prejudice in his petition, and I find neither present on the record before me. Furthermore, petitioner has not made a colorable showing of actual innocence so as to warrant invocation of the "miscarriage of justice" exception. See McCleskey v. Zant, 499 U.S. 467, 495 (1991). Consequently, petitioner cannot overcome the state procedural default and the claims set forth in Grounds Five and Six are barred from habeas review.

### 2. Procedurally Barred Claims (Grounds Three and Four)

The following claims in the instant petition are procedurally barred subject to the adequate and independent state ground doctrine: judicial bias (Ground Three) and ineffective assistance of trial counsel (Ground Four, in part).

In denying petitioner's first motion for *vacatur*, the state court dismissed petitioner's claim of judicial bias during plea negotiations and sentencing pursuant to C.P.L. § 440.10(3)(a), which permits the state court to dismiss the § 440.10 motion where a petitioner unjustifiably fails to preserve an adequate factual record sufficient for appellate review of the ground or issue upon which the motion rests. See Decision and Order, No. 03-04-090, dated 1/12/2007. District courts in this Circuit have held that C.P.L. § 440.10(3)(a) constitutes an adequate and independent state ground precluding habeas review. See Young v. McGinnis, 411 F.Supp.2d 278 (E.D.N.Y. 2006); Farr v. Greiner, No. 01-CV-6921

(NG)(MDG), 2007 WL 1094160 at *17 (E.D.N.Y. April 10, 2007) ("The
state court 'clearly and expressly' relied on a state procedural
ground, N.Y.Crim. Proc. Law § 440.10(3)(a), that is independent of
and was in addition to, its ruling on the merits of petitioner's
claim."); Collins v. Superintendent Conway, No. 04 Civ. 4672(RPP),
2006 WL 1114053 at *3 ("Petitioner's claims are procedurally barred
because these claims were raised by Petitioner in his NYCPL §
440.10 motion, and were dismissed on procedural grounds pursuant to
NYCPL §§ 440.10(3)(a) and (c), which federal courts in this circuit
have found to be adequate and independent procedural bars for the
purposes of federal habeas review.").

Next, petitioner attacked his trial counsel's effectiveness
and revisited his judicial bias claim in a second § 440.10 motion
in Ontario County Court.  Citing C.P.L. § 440.10(3)(c), the state
court denied his motion on the ground that petitioner failed to
raise those claims in his first § 440.10 motion, despite having
been in a position to adequately do so. See Decision and Order, No.
03-04-090, dated 3/1/2007. The Second Circuit has recognized New
York's application of C.P.L. § 440.10(3)(c) as an adequate and
independent state procedural bar. See Murden v. Artuz, 497 F.3d
178, 191-194 (2d Cir. 2007) (finding § 440.10(3)(c) "adequate" to
serve as procedural bar to federal habeas review of merits of claim
of ineffective assistance of counsel, given that state court
referred explicitly to rule when dismissing claim, that state

courts regularly applied rule to deny claims that could have but were not raised on previous motions to vacate, that defendant did not substantially comply with rule, and that enforcement of rule served legitimate governmental interests). Because the state court expressly relied on C.P.L. § 440.10(3)(c) in dismissing petitioner's judicial bias claim, it is not reviewable by this Court.

To overcome the procedural bar and secure habeas review of his claims, petitioner must demonstrate cause for the default and prejudice resulting therefrom, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. As discussed above, petitioner has not met either exception, and these claims are consequently dismissed.

### 3. Petitioner's Fourth Amendment Claim is not Cognizable on Habeas Review (Ground One)

Petitioner argues that the prosecution's evidence at trial was seized in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Pet. 9-14. Specifically, petitioner claims that the deputies' searches of his vehicles and home were illegal, and the evidence seized should have been suppressed as fruits of those searches. Pet. 9-15; Pet'r Mem. 43-52.

Respondent correctly argues, however, that Fourth Amendment claims are generally not cognizable on habeas review, citing Stone

_v. Powell_, 428 U.S. 465, 482 (1976).  Indeed, the Second Circuit has "made it clear that a Fourth Amendment claim may not be considered by a federal habeas corpus court if the state has provided an opportunity fully and fairly to litigate it." _McPhail v. Warden_, 707 F.2d 67, 69 (2d Cir. 1983) (citing _Gates v. Henderson_, 568 F.2d 830, 837 (2d Cir. 1977) (construing _Stone v. Powell_)).  Therefore, a petitioner may obtain habeas review of a Fourth Amendment claim "in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." _Capellan v. Riley_, 975 F.2d 67, 70 (2d Cir. 1992) (citing _Gates_, 568 F.2d at 840).  Petitioner has failed to demonstrate that either situation exists here.[3]

First, petitioner cannot argue that the state failed to provide a corrective procedure to redress his Fourth Amendment

_____

[3] In his reply brief, petitioner cites to _Kimmelman v. Morrison_, 477 U.S. 365 (1986), in which the Supreme Court determined that the restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims founded primarily on incompetent representation with respect to a Fourth Amendment issue. Pet'r Reply Br. at 2 (Dkt. #18).  Petitioner's challenge to the search and seizure issue is, however, unrelated to his claim of ineffective assistance of counsel. _See_ Pet. at 22, Pet'r Mem. 63-66.  Rather, petitioner argues that his Fourth Amendment challenge should be deemed a "hybrid" claim based on the suppression judge's alleged bias, and therefore considered in this proceeding. However, he has not cited any federal law supporting such a proposition. _See_ Reply Br. at 2; _cf._ _Kimmelman_, 477 U.S. at 382. ("Only those habeas petitioners who can prove under _Strickland_ that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence."); _accord, e.g._, _Palacios v. Burge_, 589 F.3d 556 (2d Cir. 2009).

claim. "The federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate." <u>Holmes v. Scully</u>, 706 F.Supp. 195, 201 (E.D.N.Y. 1989) (citing <u>Gates</u>, 568 F.2d at 837 & n.4; <u>Shaw v. Scully</u>, 354 F.Supp. 859, 864 (S.D.N.Y. 1987)). Thus, in light of New York's established procedure, <u>see</u> C.P.L. §§ 710.10-710.70, federal habeas review of petitioner's Fourth Amendment claim is not warranted unless petitioner can demonstrate that he was precluded from using the available procedure due to an unconscionable breakdown in the review process. <u>Shaw</u>, 654 F.Supp. at 864. An "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." <u>Cappiello v. Hoke</u>, 698 F.Supp. 1042, 1050 (E.D.N.Y. 1988), <u>aff'd</u>, 852 F.2d 59 (2d Cir. 1988) (per curiam); <u>accord</u>, <u>Capellan</u>, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown).

In this case, petitioner fully availed himself of New York's corrective procedures. The trial court granted a hearing on petitioner's suppression motion, and both the prosecutor and defense counsel presented evidence at the hearing. Based on the testimony at the hearing, the trial court issued a thorough and

comprehensive decision from the bench denying petitioner's motion, making factual findings and legal conclusions in support of its decision. H. 117-127. The court also examined the search warrant for legal sufficiency and provided a separate written decision on that issue. See Decision and Order, No. 03-04-90 dated 12/31/2003. Petitioner then appealed the result of that hearing on direct appeal, which the Fourth Department rejected on the merits. People v. Evans, 21 A.D.3d at 1317-1318.

Petitioner argues that judicial bias in his suppression hearing resulted in an unconscionable breakdown in the state's corrective process. Pet'r Mem. 43-44. To support this contention, petitioner refers to the court's off-the-record comment to defense counsel that "we are going to trial next month," which allegedly established that the court had "prejudged" the suppression issues before hearing all of the testimony. H. 106-107. Petitioner's conclusory assertion, however, cannot form the basis of the "unconscionable breakdown" contemplated by the Second Circuit, as the record does not indicate any evidence of judicial bias. See discussion infra, III.B.4.b. Accordingly, because petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, and he has not established that there was an unconscionable breakdown in the proceedings, the instant claim is denied as it is not cognizable on habeas review. See Applewhite v. McGinnis, No. 04 Civ. 6153(PKC)(JCF), 2006 WL 1317016 (S.D.N.Y. May

15, 2006) ("The record, then, is devoid any evidence of judicial bias, and [petitioner] has not met the threshold requirements of Stone and Capellan that would permit this Court to review his Fourth Amendment claim.")

### 4. Petitioner's Remaining Claims are Without Merit

### a. Sentencing Claims (Ground Two)

Petitioner has raised various incarnations of an Eighth Amendment "cruel and unusual punishment" claim in the state courts and in the instant petition. Pet. 16-19, Pet'r Mem. 53-61. Specifically, petitioner argues that the sentence was disproportionate to the gravity of the crimes charged, and that the sentence was vindictive because it was higher than the sentencing agreements petitioner contemplated during plea negotiations. Id. Petitioner's sentencing claims have been adjudicated in part on the merits, and in part on procedural grounds.[4] In any event, petitioner has failed to allege an infringement of a federal constitutional right.

The Supreme Court has articulated a principle of "gross disproportionality" for measuring whether a prisoner's sentence violates the Eighth Amendment proscription against "cruel and

---

[4] In his appellate brief, petitioner argued on state law grounds that the sentence was "harsh and excessive". See Ex. A at 13. Next, he moved to set aside the sentence by way of § 440.20 motion on the grounds that the sentence was disproportionate to the severity of the crime, and vindictive. See Ex. G. That state court denied petitioner's 440.20 motion pursuant to 440.20(2), because those claims were previously adjudicated on direct appeal See Decision and Order, No. 03-04-090, dated 1/12/2007. Ex. I.

unusual punishment." <u>E.g.</u>, <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991); <u>Solem v. Helm</u>, 463 U.S. 277 (1983); <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980). Only extreme sentences that are grossly disproportionate to the crimes for which they are imposed can be said to violate the Eighth Amendment. <u>See id.</u>; <u>see also</u> <u>United States v. Snype</u>, 441 F.3d 119, 152 (2d Cir. 2006) (noting that successful challenges to the proportionality of particular sentences have been exceedingly rare). Given the Supreme Court's precedent on this issue, I conclude that this case does not present one of those rare and extreme circumstances in which the Supreme Court contemplated intervention by a reviewing court into a state's sentencing decisions.

Moreover, it is well-settled in the Second Circuit that "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, petitioner has not alleged, nor can he demonstrate that the sentence falls outside the prescribed statutory limits. The court's sentence is well within the range allowed under the Penal Law on all of petitioner's convictions. In particular, petitioner's sentence as a second felony offender of an indeterminate prison term of eight to sixteen years on the third-degree controlled substance conviction (a B felony) is well below the maximum allowable sentence of 25 years. <u>See</u> Penal L. §§ 220.16(1), 70.00, 70.06(3) & (4)(b).

Finally, petitioner's argument that the sentence was vindictive because his ultimate sentence was higher than the offers petitioner contemplated during plea negotiations[5] must also fail. It is axiomatic that a state may not penalize a criminal defendant for exercising his constitutional right to trial. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."). However, the Supreme Court has noted that a defendant in plea bargaining circumstances will often be "confronted with the certainty or probability that, if he determines to exercise his right to plead innocent and to demand a jury trial, he will receive a higher sentence that would have followed a waiver of those rights." Chaffin v. Stynchcombe, 412 U.S. 17, 30-31 (1973) (quotation omitted); accord, e.g. Corbitt v. New Jersey, 439 U.S. 212 (1978). Thus, the fact that petitioner received a greater sentence than the one that was offered in connection with previous plea offers, does not, in and of itself, establish vindictive sentencing. See Russ v. Greene, No. 04-CV-6079 (VEB) 2009 WL 2958007 at *11 (W.D.N.Y. Sept. 11, 2009) (collecting cases).

---

[5] According to an affidavit submitted in support of petitioner's second § 440.10/440.20 motion, refers to a pre-trial colloquy (which was not transcribed) occurred in which petitioner rejected a plea offer of three and-a-half to seven years incarceration, and a forfeiture of $75,000. See Aff. of Frank A. Aloi, Esq. dated 1/24/2007; Ex L.

For the foregoing reasons, petitioner's claims related to his sentencing are dismissed.

### b.   Ineffective Assistance of Appellate Counsel (Ground Four)

As part of petitioner's general claim that he received ineffective assistance of counsel[6], he avers that his appellate counsel was constitutionally deficient for failing to argue the meritorious issue of judicial bias during plea negotiations and sentencing. Pet. at 22, Pet'r Mem. 63-66. This claim was adjudicated on the merits by way of an application for writ of *error coram nobis*, which was denied by the Appellate Division, Fourth Department. Evans, 38 A.D.3d 1369 (4th Dept.); lv. denied, 9 N.Y.3d 684 (2007).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether an attorney's performance was deficient, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

_____

[6] As discussed above in Part III.B.2, petitioner's claim of ineffective assistance of trial counsel is procedurally barred by an adequate and independent state ground.

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate conduct from counsel's perspective at the time." Id. Additionally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. That is, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michel v. Louisiana, 350 U.S. 76, 101 (1955).

As stated above, any deficiencies in counsel's performance must be prejudicial to the defense in order to amount to constitutionally ineffective assistance. Id. at 691. A petitioner must show, then, "that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. If petitioner makes an insufficient showing on one prong of the Strickland inquiry, there is no need to address the other. Id.

This standard extends to claims of ineffective assistance of appellate counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 513 U.S. 820 (1994). To establish ineffective assistance of appellate counsel for failure to raise specific issues, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous that could be

made. Id. Rather, counsel may winnow out weaker arguments on appeal and focus on one or two key issues that present "the most promising issue for review." Jones v. Barnes, 463 U.S. 745, 751-53 (1983). A habeas petitioner must demonstrate that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533. To establish prejudice for failing to raise an issue on direct appeal, a petitioner must show that there was a reasonable probability that the claim would have been successful before the state's highest court. Claudio v. Scully, 832 F.2d 798, 803 (2d Cir. 1992).

Specifically, petitioner claims that appellate counsel should have argued that petitioner was denied a fair trial due to judicial bias on the following grounds: (1) the trial court's conduct during the plea proceeding was biased; (2) the trial court "prejudged" the outcome of the suppression hearing before hearing all of the testimony; (3) the court vindictively sentenced petitioner to a greater term than was contemplated during plea proceedings; (4) the trial court erroneously permitted the prosecutor to question petitioner regarding photographs showing petitioner using drugs (prior uncharged crimes); and (5) that the court failed to correct the prosecutor's remarks on summation. Pet. 12-13, 16-19, 21-22; Pet'r Mem. 48, 53-56, 62-63.

### i. Petitioner's Judicial Bias Claim is Without Merit

The Due Process clause, at a minimum, "requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904-05 (1997) (internal citation and quotation marks omitted). A federal court's power to review a state claim of judicial bias is limited, however, to "the narrow one of due process and not the broad exercise of supervisory power that [it] would possess in regard to [its] own trial court." Garcia v. Warden, Dannemora Corr. Facility, 795 F.2d 5, 7 (2d Cir. 1986) (citations omitted). Indeed, "a petitioner claiming that a judge's bias deprived him of a fair trial faces a difficult task." Gayle v. Scully, 779 F.2d 802, 813 (2d Cir. 1985).

Moreover, the Supreme Court has explained that adverse judicial rulings, standing alone, are not probative of judicial bias. Liteky v. United States, 510 U.S. 540, 555 (1994). "[J]udicial rulings and judicial remarks during the course of a trial that are disapproving of, or even hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Francolino v. Kuhlman, 365 F.3d 137, 143 (2d Cir. 2004) (quoting Liteky, 510 U.S. at 555). In order to prevail on a claim of judicial bias, the petitioner must show that he was denied a trial "by an unbiased and

impartial judge without a direct personal interest in the outcome of the hearing." <u>Ungar v. Sarafite</u>, 376 U.S. 575, 584 (1964). A state court judge is only required to recuse himself if he has demonstrated "deep seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555. "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." <u>Id.</u>

Based on a review of the record, the challenged conduct and comments do not evidence the extraordinarily "high degree of favoritism or antagonism" necessary to support a bias challenge. Rather, petitioner merely advances a series of complaints with respect to the judge's rulings in favor of the prosecution, which is insufficient to give rise to a due process violation. <u>See, e.g.,</u> <u>Shaw v. Superintendent, Attica Corr. Facility</u>, No. 9:03-CV-0610 (NPM), 2007 WL 951459 at *16 (N.D.N.Y. March 28, 2007). Because petitioner has not stated a viable claim of judicial bias, his appellate counsel cannot be faulted for failing to argue a meritless claim on direct appeal. <u>Harper v. Goord</u>, 06-Civ-485, 2009 WL 910341 at *14 (E.D.N.Y. March 31, 2009) (citing <u>United States v. Arena</u>, 180 F.3d 380, 396-97 (2d Cir. 1999)). Accordingly, the Appellate Division's determination was not contrary to, or an

unreasonable application of <u>Strickland v. Washington</u>, and this claim is dismissed.

### c. **Prosecutorial Misconduct (Ground Seven)**

Petitioner claims, as he did on direct appeal, that he was denied a fair trial as a result of prosecutorial misconduct during summation because the prosecutor: (1) made inflammatory and irrelevant remarks; (2) improperly shifted the burden of proof; and (3) wrongfully instructed the jury that they should not consider "the suppression issue". Pet. at 29, Pet'r Mem. 74-75. The Appellate Division rejected petitioner's claim in part on procedural grounds (citing New York's preservation rule, C.P.L. § 470.05(2)) and in part on substantive grounds. <u>Evans</u>, 21 A.D.3d at 1318. Notwithstanding the procedural bar as to petitioner's claim of inflammatory comments on summation, the Court finds that none of petitioner's claims of prosecutorial misconduct have merit.

To obtain relief based on a claim of prosecutorial misconduct, the habeas petitioner must demonstrate that the "prosecutor [engaged in] ... egregious misconduct ... amount[ing] to a denial of constitutional due process." <u>Floyd v. Meachum</u>, 907 F.2d 347, 353 (2d Cir. 1990); <u>see also</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 647, (1974). "It is not enough that the prosecutor's remarks were undesirable or even universally condemned." <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986). Rather, the prosecutor's misconduct must have caused the defendant "substantial prejudice" by "'so infecting

the trial with unfairness as to make the resulting conviction a denial of due process.'" United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999) (quoting Darden, 477 U.S. at 181).

In determining whether there has been substantial prejudice to the petitioner, three factors are of primary importance: "'the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct.'" United States v. Perez, 144 F.3d 204, 209 (2d Cir. 1998) (quoting United States v. Melendez, 57 F.3d 238, 241 (2d Cir. 1995)).

A review of the trial transcript belies petitioner's claims.[7] The prosecutor's comments during summation were based on the evidence, responsive to defense counsel's closing arguments, and in no way improper. T. 384-85. See Moore v. Warden, 380 F.Supp.2d 321, 331 (S.D.N.Y. 2005) ("Where a prosecution comment is a rejoinder to defense counsel's comments, that factor ameliorates the effect of an objectionable prosecution comment upon the fairness of a trial.") (citation omitted); see also United States v. Wilner, 523 F.2d 68, 74 (1975) ("A prosecuting attorney is not an automaton

---

[7] The prosecutor argued in his summation that the jury should reject petitioner's testimony as incredible because he lied when he testified on direct examination that he "never sold drugs, ever," T. 328, but later admitted on cross-examination that he was convicted of selling cocaine in 1993. T. 353-54, 384. The prosecutor further argued that the legality of the deputies' conduct during the search had already been determined, and that it was not the jury's "job" to determinate that legal issue. T. 391-92. Finally, the prosecutor pointed out that petitioner could have called Amy Evans, petitioner's wife, as a witness, T. 387, in response to defense counsel's argument that Amy Evans was never called by the prosecutor with respect to the harassment charge. T. 372. Overruling defense counsel's objection, the trial court remarked that it "will instruct on the burdens in this case." T. 387.

whose role in summation is limited to parroting facts already before the jury.") Accordingly, this claim is dismissed.

## IV. Conclusion

For the reasons stated above, James Evans's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:     March 16, 2010
           Rochester, New York